NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID LYNN SHUMAKER, *Appellant.*

No. 1 CA-CR 14-0134
FILED 1-27-2015

Appeal from the Superior Court in Maricopa County
No.  CR2012-163079-001
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Samuel A. Thumma joined.

---

**G O U L D**, Judge:

¶1        David Lynn Shumaker ("Defendant") appeals from his convictions and sentences for trafficking in stolen property and theft.  Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal.  Defendant was granted leave to file a supplemental brief *in propria persona*, and did not do so.

¶2        Our obligation in this appeal is to review "the entire record for reversible error."  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  Finding no reversible error, we affirm.

**Facts and Procedural History[1]**

¶3        Defendant was living in Mark O.'s (the "victim") house in Arizona when the victim traveled with his family to Indiana.  The victim allowed Defendant to continue living in the home while he was out of the state.

¶4        The victim left some of his personal property in the home, including a weed whacker, treadmill, bike, creeper, and ladder.  Defendant, without the victim's permission, pawned the victim's ladder and weed whacker, and sold his treadmill, bike, and creeper at various yard sales.  When the victim returned to Arizona, he reported Defendant to the police.   The police questioned

---

[1]        We view the evidence in the light most favorable to sustaining the convictions and resulting sentences.  *See State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

Defendant about the missing property, and he confessed to taking the items without the victim's permission and selling them.

¶5 After Defendant's arrest, the police obtained some pawn tickets for the stolen weed whacker and ladder. The pawn tickets contained Defendant's signature and confirmed that he had pawned the weed whacker and ladder.

¶6 Defendant testified at trial, and admitted that he had pawned the victim's weed whacker; however, he claimed the victim gave him permission to do so.

¶7 The jury found Defendant guilty of one count of trafficking in stolen property (weed whacker); and one count of theft. The jury acquitted Defendant of one count of trafficking in stolen property (ladder). As to the trafficking in stolen property (weed whacker) conviction, the court sentenced Defendant to three and a half years in the Arizona Department of Corrections with credit for 104 days' time served. The court sentenced Defendant to ninety days in the Maricopa County Jail for his theft conviction with credit for ninety days' time served.

## Discussion

¶8 We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none. *Clark*, 196 Ariz. at 541, ¶ 49, 2 P.3d at 100. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the finding of guilt. Defendant was present and represented by counsel at all critical stages of the proceedings. At sentencing, Defendant and his counsel were given an opportunity to speak and the court imposed a legal sentence.

¶9 Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: ama